**\*\* E-filed January 12, 2012 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BAY VALLEY PROFESSIONAL CENTER, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>JONATHAN ORCINE; ABRAHAM B. ORCINE; et al.,<br><br>    Defendants._____/ | No. C11-06253 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>**[Re: Docket No. 1]** |

**INTRODUCTION**

On August 17, 2011, defendants Jonathan and Abraham Orcine (collectively, "Defendants"), proceeding pro se, removed this case from Santa Clara County Superior Court. Docket No. 1 ("Notice of Removal"). Plaintiff Bay Valley Professional Center ("Bay Valley") moves to remand and seeks immediate relief by requesting that the motion be heard one week after it was filed. Dkt. Nos. 4, 5. Because none of the parties have consented to the undersigned's jurisdiction, this court is unable to provide the dispositive relief sought. For the reasons stated below, the undersigned DENIES the Motion to Shorten Time, ORDERS that this case be reassigned to a district judge, and RECOMMENDS that this action be summarily remanded to state court.

**DISCUSSION**

Bay Valley filed this unlawful detainer action against defendants on October 18, 2011 in Santa Clara County Superior Court. Notice of Removal, Exh. A ("Complaint"). According to the complaint, Bay Valley acquired the subject property, a San Jose residence, through a foreclosure trustee's sale on September 12, 2011, in accordance with California Civil Code section 2924. Id. at ¶ 4. On September 16, Bay Valley served defendants with a three-day Notice to Quit. Id. at ¶ 6. Defendants did not respond to the Notice, nor did they vacate the property. Id. at ¶ 7.

Removal to federal court is proper where the federal court would have had original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. Removal jurisdiction can be based on diversity of citizenship or on the existence of a federal question. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). If, after a court's prompt review of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). These removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

Here, defendants assert that removal is proper based on federal question jurisdiction. See Notice of Removal ¶ 6. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Alternatively, the complaint may establish that the plaintiff's right to relief "necessarily depends on resolution of a substantial question of federal law." Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27–28 (1983). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Discovery Bank, 129 S. Ct. at 1272.

Defendants assert that Bay Valley's unlawful detainer claim fails because it violated the federal Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220. Notice of Removal at ¶¶ 6-9. However, the defendants raised this alleged violation in a demurrer, a responsive pleading, and – as

2

noted above – only the complaint can provide the basis for federal question jurisdiction. <u>Discovery Bank</u>, 129 S. Ct. at 1272. Bay Valley's complaint alleges only a cause of action for unlawful detainer under California law; it does not allege any federal claims whatsoever. <u>See</u> Complaint. Moreover, resolving Bay Valley's unlawful detainer claim does not depend on resolution of any substantial issues of federal law. Accordingly, the defendants have failed to show that this action arises under federal law.

Neither is there diversity jurisdiction over this action. Federal subject-matter jurisdiction based on diversity requires complete diversity of citizenship and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a).[1] In this matter, all parties are citizens of California, and plaintiff's complaint expressly states that the amount in controversy is less than $10,000. Complaint p. 1.

Therefore, there is no basis for this court to exercise jurisdiction based either upon a federal question or diversity.

## CONCLUSION

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Court judge. Bay Valley's Motion to Shorten Time is DENIED and the hearing on its Motion to Remand is VACATED. The undersigned further RECOMMENDS that the newly assigned judge summarily remand the case to Santa Clara County Superior Court. Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

---

[1] Additionally, the "forum defendant rule" ordinarily imposes a limitation on actions removed pursuant to diversity jurisdiction: "such action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); see <u>Spencer v. U.S. Dist. Ct. for the Northern Dist. of Cal.</u>, 393 F.3d 867, 870 (9th Cir. 2004). However, the Ninth Circuit has held this rule to be procedural and a waivable defect in the removal process, and a court acting *sua sponte* may not base its decision to remand solely upon such a defect. <u>Lively v. Wild Oats Markets, Inc.</u>, 456 F.3d 933, 935-36 (9th Cir. 2006).

**IT IS SO ORDERED.**

Dated: January 12, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C11-06253 HRL Notice will be electronically mailed to:**

Todd Bennett Rothbard
Richard Allen McBride            allspanish@sbcglobal.net

**Notice will be mailed to:**

Jonathan Orcine
1572 Hillsdale Avenue
San Jose, CA 95118

Abraham B Orcine
1572 Hillsdale Avenue
San Jose, CA 95118

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**